STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

February 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PENNZOIL PRODUCTS CO.,**
**Employer Below, Petitioner**


**vs.)    No. 11-0538**  (BOR Appeal No. 2044707)
                      (Claim No. 200008195)


**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**DENVER H. HALL,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Pennzoil Products Co., by Howard Salisbury, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Denver H. Hall, by John C. Blair, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 23, 2011, in which the Board reversed a June 15, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's and Permanent Total Disability Review Board's denial of Mr. Hall's request for a permanent total disability award based on not meeting the impairment threshold. In reversing, the Board of Review remanded to the claims administrator with instructions to refer to the Permanent Total Disability Review Board ("PTDRB") for consideration of impairment for concussion with loss of consciousness and amnesia. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

Having considered the petition and the relevant decision of the lower tribunal, the Court is of the opinion that the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court determines that there is no prejudicial

1

error. This case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 30, 1999, Mr. Hall fell down an embankment and injured his head, shoulders, and back. His claim was held compensable for shoulder sprain, heat exhaustion, and lumbosacral sprain. In April of 2003, the Office of Judges affirmed the claims administrator's finding of maximum medical improvement for Mr. Hall, but reversed the percentages of permanent partial disability impairment.

At issue in this appeal are the findings made by the Office of Judges awarding claimant 18% permanent partial disability for his "nervous system" on April 17, 2003. The April 17, 2003, Order was a Corrected Order, modifying a previous Order in a way that more clearly reflects that the Office of Judges was awarding Mr. Hall an 18% award for his nervous system. The April 17, 2003, Order did not explain or define what "impairment for the nervous system" included, but did state that it was based upon the report of Dr. Roger C. Baisas. In his June 20, 2001, report under "Nervous System," Dr. Baisas identified a 5% whole person impairment for concussion with loss of consciousness, 14% whole person impairment for amnesia, retrograde and subsequent memory disturbance," and 0% whole person impairment for headache.

In the June 15, 2010, Order of the Office of Judges, Mr. Hall was denied permanent total disability benefits for not having reached the minimum threshold of 40% whole person impairment to be considered. The Office of Judges based its determination on Recommendations of the PTDRB finding that Mr. Hall's whole person impairment was 29% based on 7% psychiatric impairment and 24% musculoskeletal impairment. No mention was made of nervous system impairment in either the June 15, 2010, Order or the September 21, 2009, PTDRB Recommendations. The Office of Judges June of 2010 Order described Dr. Baisas's report but did not say anything about nervous system impairment or explain the basis for the 34% impairment Dr. Baisas found.

On February 23, 2011, the Board of Review reversed the Office of Judges because the PTDRB's Recommendations "do not indicate that the PTDRB considered impairment for the conditions of concussion with loss of consciousness and amnesia." The Board of Review stated that under West Virginia Code section 23-4-6(n)(1), the PTDRB is "directed to reevaluate the claim to determine if the claimant has suffered the requisite whole body impairment[]" and that the PTDRB did not meet its statutory duty when it did not consider the above impairments. The Board of Review remanded to the Office of Judges with instructions to refer the claim to the PTDRB for the purpose of considering the impairment for the conditions of concussion with loss of consciousness and amnesia.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 1, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3